Tyrone A. Parks
FULL NAME
CSP/CAC C4-B-112
COMMITTED NAME (if different)
P.O. Box 2760
FULL ADDRESS INCLUDING NAME OF INSTITUTION
California City, CA 93504
T63547
PRISON NUMBER (if applicable)



FILED
CLERK, U.S. DISTRICT COURT

MAY 25 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Tyrone A. Parks

PLAINTIFF,

v.

J. Castillo

M. Werner

DEFENDANT(S).

CASE NUMBER

CV22-3609-CJC (AS)

*To be supplied by the Clerk*

## CIVIL RIGHTS COMPLAINT
## PURSUANT TO *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2.  If your answer to "1." is yes, how many?   One

    Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

3. Case was dismissed.

a. Parties to this previous lawsuit:
Plaintiff _Tyrone Anthony Parks_

Defendants _R. Hayden_

b. Court _Central District Court_

c. Docket or case number _2:07-cv-03016-MMM-SS_
d. Name of judge to whom case was assigned _Margaret M. Morrow_
e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Dismissed_
f. Issues raised: _____

g. Approximate date of filing lawsuit: _2005_
h. Approximate date of disposition _10/19/2007_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Tyrone A. Parks_
                                                      (print plaintiff's name)
who presently resides at _CSP/LAC C4-B-112, P.O. Box 2760, California City, CA 93504_
                          (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_CSP/LAC, Lancaster California State Prison Los Angeles_
                    (institution/city where violation occurred)

on (date or dates) _12/25/20_ , _____ _____
                          (Claim I)              (Claim II)              (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _J. Castillo_ resides or works at
   (full name of first defendant)

   _CSP/ LAC 44750 60th St W, Lancaster, CA 93534_
   (full address of first defendant)

   _3rd Watch Control Correctional officer_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   _J. Castillo C/o ignored the plaintiff medical request failed to comply_
   _to CDCR Policies on 12/25/20. Filed false report. See Exhibits_

2. Defendant _M. Werner_ resides or works at
   (full name of first defendant)

   _CSP/ LAC 44750 60th St. W, Lancaster, CA 93534_
   (full address of first defendant)

   _3rd Watch Correctional officer_
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

   Explain how this defendant was acting under color of law:
   _M. Werner C/o made false complaint against plaintiff failed to_
   _comply to CDCR policies on 12/25/20. See Exhibits_

3. Defendant _____ resides or works at
   (full name of first defendant)

   _____
   (full address of first defendant)

   _____
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   _____
   _____

4.   Defendant _____ resides or works at
                    (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

5.   Defendant _____ resides or works at
                    (full name of first defendant)

     _____
     (full address of first defendant)

     _____
     (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

_____

_____

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

1. 1st Amendment violation due to retaliation and filing a false report.

2. 14th Amendment violation equal protection of the law.

3. 42 USC § 12102 Plaintiff has Asthma and therefore Plaintiff (ADA) Americans with Disibilities Act was violated.

4. CCP § 52.1   Bane Act

5. CCP § 51.7   Ralph Act

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

6. On 12/25/20 Plaintiff was Suffering from Corona Virus illness (Covid-19). The Plaintiff yelled for medical attention to Control tower offices J. Castillo who ignored the Plaintiff medical request. C/O J. Castillo in retaliation filed a false report (RVR) on Plaintiff. See: Exhibits A - E

7. On 12/25/20 M. Werner C/O sought to torture the plaintiff by having the plaintiff give vitals through the food port when that was not how the prisoners vitals were to be taken as well C/O M. Werner in retaliation gave false information. See: Exhibits A - E

8. Defendants J. Castillo and M. Werner acted with deliberate indifference towards the plaintiff Tyrone A. Parks on 12/25/20 by ignoring medical request and in retaliation filing a false complaint.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

9. Wherefore, Plaintiff respectfull prays that this Court enter judgment granting plaintiff:

10. A declaration that the acts and omissions described herin violated plaintiffs rights under the constitution and laws of the United States.

11. A permanent injunction ordering defendants J. Castillo and M. Werner never treat another prisoner ill with Covid-19 this way in the future.

12. Compensatory damages in the amount of $9,500.00 against each defendant, jointly and severly.

13. Punitive damages in the amount of $4,500.00 against each defendant.

14. A Jury trial on all issues trimble by Jury.

15. Plaintiffs costs in this suit.

16. Any relief this Court deems Just, proper and equitabe.

05/23/22
(Date)

_____
(Signature of Plaintiff)

# EXHIBIT A

Exhibit A includes Disciplinary Hearing Results.
See: Pages 5, 6, 7 of 10. Copy of C/o E. England hand written
Statement. Rules Violation Report (R.V.R) from 12/25/20.
(R.V.R) Supplemental Report See: page 2, 3, of 3. The
Statements of both defendants J. Castillo and M. Werner.



CALIFORNIA DEPARTMENT *of*
## Corrections and Rehabilitation

# DISCIPLINARY HEARING RESULTS

| Institution Name: California State Prison, Los Angeles County | Facility: LAC-Facility B | Log Number: 000000007053245 |
|---|---|---|
| Inmate Name: PARKS, TYRONE A. | CDC #: T63547 | Bed Number: LAC-B - B 002 2 - 211001L |
| TABE Score: 09.9 | MH LOC: GP | DDP Status: NCF |

### DUE PROCESS

Rule Violation #: 3005(a)

Level: Serious

Offense Occurrence: 1st Occurrence

Violation Date: 12/25/2020

Hearing Date: 01/31/2021

Specific Act: Delaying a Peace Officer in the Performance of Duties

Offense Division: Division D

Violation Time: 16:40:00

Hearing Time: 19:16:46

Did a laboratory confirm the evidence tested positive for Controlled substances?: N/A

| Actions Taken | | | | |
|---|---|---|---|---|
| **Date** | **Time** | **Type/Reason** | **Staff** | **Elapsed Days** |
| 12/29/2020 | 15:48:44 | RVR Ready for Review by Supv. | J. Castillo | 4 |
| 12/29/2020 | 16:22:08 | RVR Ready for Review by Supv. | J. Castillo | 4 |
| 12/29/2020 | 16:25:02 | RVR Approved by Supervisor | M. Moz | 4 |
| 12/30/2020 | 07:31:41 | RVR Classified | R. Ochoa | 5 |
| 01/05/2021 | 10:01:00 | Inmate Copy Served Initial Rules Violation Report | M. Beltran | 11 |
| 01/05/2021 | 10:02:00 | IE Assigned | M. Beltran | 11 |
| 01/05/2021 | 11:02:25 | IE Interview | M. Beltran | 11 |
| 01/25/2021 | 12:55:31 | IE Report Prepared | M. Beltran | 31 |
| 01/25/2021 | 13:00:16 | IE Report Ready for Review | M. Beltran | 31 |
| 01/27/2021 | 09:55:12 | IE Report Approved By Supervisor | P. Carranza | 33 |
| 01/28/2021 | 07:15:00 | Inmate Copy Served Investigative Report | M. Beltran | 34 |

All Time Constraints Met?:  Yes          SHO/HO DDP Certified?: Yes

**Due Process Additional Information:**

All due Process were met

## HEARING

○ Subject elected not to participate in the adjudication process by refusing to attend the hearing. An
   Informational Chrono was generated documenting the refusal to attend the hearing.
◉ Subject was Present, in good health and ready to proceed.

**Hearing Additional Information**

## DISABILITY

☐ Hearing ☐ Vision ☐ Mobility ☐ Learning ☐ Developmental/Cognitive
☐ Other ☑ None

Requires Accommodation?  No

### DDP Specific Information

128-C2 Reviewed?  No                     Current DDP Status Date:
                                         08/12/2002

Did the Reporting Employee document the use of Adaptation Support(s)?  N/A

| Adaptive Support | Contribute | How | |
|---|---|---|---|
|  |  |  |  |

| Victimization | Contribute | How | |
|---|---|---|---|
|  |  |  |  |

**Disability Additional Information:**

## MENTAL HEALTH ASSESSMENT

Mental Health Assessment Requested: No

Reason for Mental Health Assessment Request:

Clinical Staff Recommended Staff Assistance Assignment:  N/A

Clinical Staff determined Mental Health Symptoms strongly influenced behavior and recommended alternate
documentation:  N/A

Clinical Staff determined Developmental Disability strongly influenced behavior and recommended alternate
documentation:  N/A

Clinical Staff determined Mental Health Symptoms contributed to behavior:  N/A

Clinical Staff determined Developmental Disability contributed to behavior:  N/A

Clinical Staff provided information when assessing the penalties:  N/A

## STAFF ASSISTANT

Staff Assistant Assigned: No

Reason for assignment of Staff Assistant:

| SA Name | Date Assigned | Certified? | Meet 24 hours prior to hearing? | Present? | |
|---------|---------------|------------|----------------------------------|----------|---|
|         |               |            |                                  |          |   |

**Staff Assistant Additional Information:**

## INVESTIGATIVE EMPLOYEE

Investigative Employee Assigned: Yes

Reason for assignment of Investigative Employee: Housing Status

**Investigative Employee Additional Information:**

The I.E. Report was reviewed and the SHO notes it's adequate to assist in the RVR hearing.

## CONFIDENTIAL INFORMATION

Confidential Information Used: No

| Confidential Document Number | Author of Confidential Document | Date of Confidential Document | Reviewed by SHO/HO | Deemed Confidential | Reason(s) Information was Deemed Confidential | |
|---|---|---|---|---|---|---|
|  |  |  |  |  | ☐ Information which, if known to inmates, would endanger the safety of person(s). ☐ Information which, if known to inmates, would jeopardize the security of the institution. ☐ Specific medical or Psychological information which, if known to inmates, would be medically or psychologically detrimental to the inmate. ☐ Information provided and classified confidential by another governmental agency. ☐ A Security Threat Group debrief report, reviewed and approved by the debriefing subject, for placement in the confidential section of the central |  |

| | | | | file. |
|---|---|---|---|---|

| Confidential Document Number | Confidential Source Number | Confidential Disclosure Form Issued | Sufficient Information Disclosed | Reason(s) Deemed Reliable |
|---|---|---|---|---|
| | | | | ☐ The confidential source has previously provided information which has proved to be true. <br> ☐ Other confidential sources have independently provided the same information. <br> ☐ The information provided by the confidential source is self-incriminating. <br> ☐ Part of the information provided by the confidential source is corroborated through investigation or by information provided by non-confidential sources. <br> ☐ The confidential source is the victim. <br> ☐ This source successfully completed a polygraph examination. |

**Confidential Additional Information:**

## WITNESSES

Witnesses requested at Hearing

☐ Reporting Employee ☐ Staff Assistant ☐ Investigative Employee

☐ Other ☐ Inmate ☑ None

| Non-Inmate Witness(es) | | | | |
|---|---|---|---|---|
| Name | | Rank | Type | Granted? |
| **Questions Asked** | | | | |

| Inmate Witness(es) | | | | |
|---|---|---|---|---|
| CDC# | Name | | Bed | Granted? |
| **Questions Asked** | | | | |

**Witness Additional Information:**

## PLEA AND STATEMENT

**PLEA/STATEMENT:** The above circumstances were read aloud to subject and elected to plea: | Not Guilty |

○ Subject declined to make a statement

● Subject made a statement

**Comments:**

I'm not guilty, Officer J. Castillo stated that I delayed program for the Evening Medication pass on the initial Rules Violation Report. Once I questioned him on the Investigative Employee report, He changed his statement and said I delayed Phone Calls and Showers. How could I delay showers when their was no program on Facility 'A' on Christmas Day. They did not let us out our cells that day. I put an Inmate Request for interview to C/O England which states that they never ordered for my vitals to be taken on December 25, 2020. L.V.N Brown and R.N Hinton both made these statements.

## FINDINGS

Subject was found: | Not Guilty | based on a preponderance of evidence.

Lesser Included Charge:

Level:

Offense Division:

Offense Occurrence:

**Comments:**

Inmate Parks was found not guilty of the charge delaying a Peace Officer in the Performance of Duties. Officer J. Castillo original Rules violation reports stated that Inmate Parks delayed medication pill pass. Once Officer J. Castillo was questioned by the Investigate Employee. Officer J. Castillo stated that Inmate Parks delayed the shower and phone program in the Building. After further review, it was determined that no program was ran on 12/25/20 due to staff shortage on Christmas day.

Additionally the Rules Violation reports states Officer Werner walked to cell 211 to conduct vitals on Inmate Parks and he became belligerent and started to yell towards staff member to take his vitals. In the Inmate Request for Interview to Correctional Officer England. Medical staff stated that they never ordered for inmate Parks vitals to be taken through the food port on 12/25/2020. Registered Nurse M Hinton and L.VN M. Brown both made these statements signed. The request for interview was signed and dated by Officer England. The reports submitted and Investigate Employee question contradicts them selves resulting in a not guilty charge.

## MENTAL HEALTH ASSESSMENT CONSIDERATION

(Documentation of opinions to be used for consideration by the hearing official and the reasoning shall be documented in this section.)

**Comments:**

There were no Mental Health Assessment Considerations as a result of the hearing

## EVIDENCE

The following evidence was used to support the findings:

AVSS Available: | No |

AVSS Impact:

**Comments:**

The Senior Hearing Officer (SHO) weighed the following information when considering the findings which was based on a preponderance of evidence finding the Inmate Not Guilty

1. The Reporting Employee's written report which states in part "Medical Staff was unable to conduct vitals on Parks due to his hostile and aggressive behavior. Parks yelled again stating, "Man Down!" Parks behavior caused multiple inmates to start yelling man down, which delayed medical staff for approximately 10-15 minutes from providing vital checks on other inmates in the building.

2. Officer J Castillo statement on the Investigative employee report saying that Inmate Parks delayed shower and phones

3. Log books in the Building on Facility saying there was no showers and phone calls conducted on 12/25/20 due to staff shortage.

4. Inmate request for interview to Correctional Officer England stating she was present on the day of occurrence and that R.N Hinton and L.V.N Brown never ordered for Inmate Parks vitals to be taken through the food port.

5. A copy of Inmate Parks Covid 19 isolation surveillance rounding stating he refused his vitals completed by R.N Valmonte

## DISPOSITION

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary Detention | | | ☐ | ☐ | ☐ | ☐ | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting | | | | | | | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

Counseled Regarding Misconduct:

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Sanction Mitigation Additional Information:**

(Hearing officials are required to document whether a mitigation, based on a MH-A, is appropriate and the reasoning used to arrive at their decision.)

There was no disposition mitigated based on a MH-A.

**Comments:**

This Senior Hearing Officer elects to find Inmate Parks Not Guilty of the charged based on a preponderance of the evidence submitted at the hearing, specifically Officer J. Castillo reports, the Inmate Request for interview to C/O England and the document stating that Inmate Parks never refused his vitals authored by Registered Nurse Valmonte.

Referred to Classification Committee  N/A

For ☐ SHU Term Assessment ☐ Program Review ☐ Un-Assignment ☐ Substance Abuse Treatment

**Disposition Additional Information:**

N/A

## ENEMY CONCERNS

◉ Not Applicable
○ Subject states he/she does not have Enemy or Safety Concerns.
○ One or more of the inmates involved has stated there is lingering animosity towards one another. Therefore, the SHO has entered non-confidential separation alerts for the following inmates:
○ Based on the totality of circumstances and/or information garnered by staff, the Hearing Official has determined an enemy situation exists and ensured the below non-confidential separation alerts were entered:

## SECURITY THREAT GROUP

Security Threat Group Nexus?:  No

**Security Threat Group Nexus Additional Information:**

## FINAL SECTION

| Contraband Type | Disposition | Disposition Comments | |
|---|---|---|---|
| | | | |

**Additional Information:**

## CREDIT RESTORATION

☐ Subject was advised of his/her right to restoration of credits under CCR 3327, 3328, and 3329.

☐ Subject was advised Credit Forfeiture for a Division 'A', 'B' or 'C' offense will not be restored.

☑ At the conclusion of the hearing Subject was advised of the findings, disposition, and his/her right to appeal per CCR 3084.1.

**Hearing Official**

| J. Ramsey | TITLE: LT | DATE: 02/01/2021 |
|---|---|---|

## FINDINGS (BY CDO)

Subject was found: Not Guilty based on a preponderance of evidence.

Lesser Included Charge:

Level:                                    Offense Division:

Offense Occurrence:              CDO Summary: Affirming The Hearing Results

**Comments:**

## DISPOSITION (BY CDO)

| Sanction Type | Quantity | Mitigated | Interest of Justice | DDP | MH LOC | MH-A | Start Date | End Date |
|---|---|---|---|---|---|---|---|---|
| Credit Loss | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Days | | | ☐ | ☐ | ☐ | ☐ | | |
| Confined to Quarters Weekends | | | ☐ | ☐ | ☐ | ☐ | | |
| Disciplinary | | | ☐ | ☐ | ☐ | ☐ | | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Detention | | | | | | | | |
| Privilege Group C | | | ☐ | ☐ | ☐ | ☐ | | |
| Loss of Pay | | | | | | | | |
| Canteen Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Phone Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Extra Duty | | | ☐ | ☐ | ☐ | ☐ | | |
| Yard Recreation Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Day Room Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Packages Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Property Restrictions | | | ☐ | ☐ | ☐ | ☐ | | |
| Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting Privileges | | | ☐ | ☐ | ☐ | ☐ | | |
| Contact Visiting (Permanent Loss) | | | | | | | | |
| Loss of Family Visits | | | ☐ | ☐ | ☐ | ☐ | | |
| Permanent Loss of Family Visits | | | | | | | | |
| Trust Account Hold | | | | | | | | |
| Mandatory Drug Testing | | | | | | | | |
| IEX Control Suit | | | | | | | | |

☐ Impose Suspended Sanctions          ☐ Reinstate Suspended Sanctions

**Comments:**

---

**Chief Disciplinary Officer**

**Comments:**

---

| D. Williams | | TITLE:<br>Associate Warden | DATE:<br>02/01/2021 |
| --- | --- | --- | --- |

CDCR SOMS ISST126 - DISCIPLINARY HEARING RESULTS

STATE OF CALIFORNIA
GA-22 (Rev. 2013-10)

DEPARTMENT OF CORRECTIONS & REHABILITATION

## INMATE REQUEST FOR INTERVIEW

| DATE 1/4/2021 | TO c/o E. England | | FROM (LAST NAME) Parks | | CDCR NUMBER T63547 |
| --- | --- | --- | --- | --- | --- |
| HOUSING A4 | BED NUMBER 120 | WORK ASSIGNMENT 3rd watch H.F.M | | JOB NUMBER FROM | TO |
| OTHER ASSIGNMENT (SCHOOL, THERAPY, ETC.) | | | | ASSIGNMENT HOURS FROM | TO |

Clearly state your reason for requesting this interview.
You will be called in for interview in the near future if the matter cannot be handled by correspondence.

ON 12/31/20 Were you present when R.N. Hinton Asked L.V.N. M. Brown "Did she order for inmate Parks T63547 Vital signs to be taken through the food port?" And L.V.N. M. Brown told R.N. Hinton "NO I Never ordered for inmate Parks T63547 Vitals to be taken through the food Port And I told Parks this on 12/25/20 with c/o Warner present".

Do NOT write below this line. If more space is required, write on back.

INTERVIEWED BY  c/o E. ENGLAND                                    DATE 1/4/2021

DISPOSITION

On 12/31/20 I was present in "A" Medical when I/m Parks (T63547) A4-233 Ask LVN. M. Brown Did she order for I/m Parks vitals to be taken through the Food Port And she said "NO". She Never ordered for inmate Parks vitals to be taken through the Food Port. R.N. Hinton was Also present on that DAY



**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**



INMATE COPY

# RULES VIOLATION REPORT

| CDC NUMBER T63547 | INMATE'S NAME PARKS, TYRONE A. | EPRD 01/03/2034 | FACILITY LAC-Facility B | HOUSING LOCATION LAC-B - B 002 2 - 211001L |
|---|---|---|---|---|

| VIOLATION DATE 12/25/2020 | VIOLATION TIME 16:40:00 | VIOLATION LOCATION LAC-Facility B - CELL | | WITH STG NEXUS No |
|---|---|---|---|---|

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

On Friday, December 25th at approximately 1640 hours, I was working as the Facility B, Building 2, Control Booth officer. Officer Werner was escorting medical staff to conduct vital checks in the building. When Officer Werner arrived at Cell 211, currently assigned to inmate Parks, (T63547),FBB2-211L, she instructed me not to open the door because vitals were going to be taken through the food port. Parks began yelling out of his cell stating, "You better do my vitals with the mother fucking door open or else I'm gonna go man down!." Medical Staff was unable to conduct vitals on Parks due to his hostile and aggressive behavior. Parks yelled again stating, "Man Down!" Parks behavior caused multiple inmates to start yelling man down, which delayed medical staff for approximately 10-15 minutes from providing vital checks on other inmates in the building. It should be noted, that Parks was standing at the door yelling man down during his attempts to manipulate staff. Medical Staff was notified and advised me to keep Parks inside his cell due to testing POSITIVE for COVID-19. Medical Staff arrived and conducted medical services and left without further incident and Parks remained in his cell. Parks is aware of this report

| REPORTING EMPLOYEE J. Castillo | TITLE CO | ASSIGNMENT FBB 2 C | RDO S/M | DATE: 12/29/2020 |
|---|---|---|---|---|

| RVR LOG NUMBER:  000000007053245 | VIOLATED RULE NUMBER:  3005(a) |
|---|---|
| SPECIFIC ACT:  Delaying a Peace Officer in the Performance of Duties | |

CLASSIFICATION

| LEVEL:  Serious | OFFENSE DIVISION:  Division D |
|---|---|
| REFERRED TO:  Senior Hearing Officer | FELONY PROSECUTION LIKELY:  No |

| REVIEWING SUPERVISOR M. Moz | TITLE Sgt. | DATE 12/29/2020 |
|---|---|---|

| CLASSIFIED BY<br>R. Ochoa | TITLE<br>Captain | DATE<br>12/30/2020 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# RULES VIOLATION REPORT

| CDC NUMBER T63547 | INMATE'S NAME PARKS, TYRONE A. | EPRD 01/03/2034 | FACILITY LAC-Facility B | HOUSING LOCATION LAC-B - B 002 2 - 211001L |
|---|---|---|---|---|
| VIOLATION DATE 12/25/2020 | VIOLATION TIME 16:40:00 | VIOLATION LOCATION LAC-Facility B - CELL | | |

| INMATE NOTIFICATION 1001 HRS | | 01/05/2021 N/A |
|---|---|---|
| POSTPONEMENT OF DISCIPLINARY HEARING | | |
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | DATE |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE SIGNATURE | DATE |
| ☐ I REVOKE my request for postponement. | INMATE SIGNATURE | DATE |
| STAFF ASSISTANT | | |
| ☐ REQUESTED        ☐ WAIVED BY INMATE | INMATE SIGNATURE | DATE |
| INVESTIGATIVE EMPLOYEE | | |
| ☐ REQUESTED        ☐ WAIVED BY INMATE | INMATE SIGNATURE | DATE 1/5/21 |
| Beltran M   WITNESSES  YES / NO | | |

### SUMMARY OF DISCIPLINARY PROCEDURES AND INMATE RIGHTS
See California Code of Regulations, Title 15 (CCR) for details

**A.   TIME CONSTRAINTS -**

1. A classified copy of the Rules Violation Report and any additional/supplemental information containing any elements of the violation charged shall normally be provided to the inmate within 15 days from the date the information leading to the charges is discovered by staff.

2. The charges shall be heard within 30 days from the date the inmate is provided a classified copy of the Rules Violation Report unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, if exceptional circumstances exist pursuant to CCR Section 3000, or the inmate is transferred out of the custody of the department. Postponement shall not bar any credit forfeiture.

3. REFERRAL FOR PROSECUTION - **(Serious Rules Violations Only)** - Referrals for prosecution will not delay a disciplinary hearing unless you submit a request in writing for postponement of the hearing pending the outcome of such referral. You may revoke such request in writing at any time prior to the filing of accusatory pleadings by the prosecuting authority. A disciplinary hearing will be held within 30 days of staff receiving your written revocation of your request to postpone the hearing or within 30 days of receiving a response from the prosecuting authority. (CCR Section 3316-3320)

4. Failure to meet the time constraints outlined in CCR Section 3320 shall preclude forfeiture of credits.

**B.   INVESTIGATIVE EMPLOYEE/STAFF ASSISTANCE -**

1. General Information - You may request to have an Investigative Employee to assist in the investigation and/or a Staff Assistant assigned, to assist in the preparation, or presentation of your defense at the disciplinary hearing. Staff shall evaluate your request along with the criteria outlined in CCR Section 3315 (d)(1) and CCR Section 3315(d)(2) and determine if an Investigative Employee and/or Staff Assistant shall be assigned.

2. Staff Assistant - If assigned, the Staff Assistant will inform inmates of their rights and of the disciplinary hearing procedures, advise and assist in the inmate's preparation for a disciplinary hearing, represent the inmate's position at the hearing, ensure that the inmate's position is understood, and that the inmate understands the decisions reached. (CCR Section 3318)

3. Investigative Employee - **(Serious Rules Violations Only)** - If assigned, will gather information, question staff and inmates, screen witnesses, and complete and submit a written, non-confidential report to the disciplinary hearing officer. You have the right to receive a copy of the investigative employee's report 24 hours before a hearing is held. (CCR Section 3318)

4. Witnesses - **(Serious Rules Violations Only)** - You may request the presence of witnesses at the hearing who can present facts related to the charges against you. You may also request the presence of the reporting employee and the investigative employee. You may, under the direction of the hearing officer, questions any witness present at the hearing. The hearing officer may deny the presence of witnesses when specific reasons exist. (CCR Section 3315)

5. Personal Appearance - A hearing of the charges will not normally be held without your presence, unless you refuse to attend. (CCR Section 3320)

**C.   DISPOSITION** - At the end of the hearing, you will be advised of the findings and disposition of the charge. Within five working days, following review of the Rules Violation Report by the Chief Disciplinary Officer, you will be given a copy of the completed rule violation report, which will contain a statement of the findings and disposition and the evidence relied upon to support the conclusions reached. (CCR Section 3320)

**D.   APPEAL** - If you are dissatisfied with the process, findings or disposition, you may submit an inmate appeal within 30 days following receipt of the finalized copy of the Rules Violation Report and any other pertinent documentation (CCR Section 3084)

 

CALIFORNIA DEPARTMENT of
**Corrections and Rehabilitation**

# RVR SUPPLEMENTAL

| CDC NUMBER T63547 | INMATE'S NAME PARKS, TYRONE A. | FACILITY LAC-Facility B | LOG NUMBER 000000007053245 | DATE 01/25/2021 |
|---|---|---|---|---|

○ SUPPLEMENTAL REPORT  ● INVESTIGATIVE REPORT  ○ STAFF ASSISTANT REPORT

On January 05, 2021, I Correctional Officer M. Beltran was assigned the duties of Investigative Employee (I/E) for CDCR-115, Log# 7053245, 3005(a)-[01]-Delaying a Peace Officer in the Performance of Duties.

On January 05, 2021, at approximately 1102 hours, I contacted and interviewed Inmate Parks T-63547, FAB4-233L. I advised Parks that I have been assigned as the Investigative Employee (I/E) to investigate this Rules Violation Report (RVR). I informed him that the I/E works for the Senior Hearing Officer (SHO) as a fair and impartial employee to gather incomplete and/or missing relevant information regarding this RVR. Inmate Parks stated that he understood my function as the I.E. and expressed no objections to my assignment.

Defendant's Statement: I, Tyrone A. Parks, plead: Not Guilty.

On 12/25/20 I did not delay any peace officer or medical staff in the performance of duties. On 12/19/20 I was detected of having SARS Cov2 RNA (Covid-19). My housing changed from G.P. inmate to "Isolation". According to policy and procedure on "How is my infection going to be taken care of while I am in isolation" (Nurses will be talking with you twice a day and will check your temperature, blood pressure, and blood oxygen level. Some problems only show up by checking these vital signs, so please let nurse check yours) I am instructed to "tell any staff member immediately if you feel that you have a fever, shortness of breath, difficulty breathing, chest pains, or any other medical emergency. Do not wait for 7362." According to 12/25/20 115 rules violation medical staff was instructed to not open my door because my vitals would be taken through the food port cy C/O Warner. Which clearly violates the policy and procedure given to medical staff thus medical staff failed to get my vitals and perform their instructed policy and procedures. Furthermore, medical staff were never instructed to take my vitals through the food port. Therefore I did not delay medical staff in the performance of duties. According to CCR-15 Rules & Regulation 3999.111 (7) (c) Statewide Patient Safety Program (7) a patient safety culture that encourages staff to proactively identify and report health care incidents. (c) Department staff who observe or discover a health care incident, regardless of severity or absence of harm to a patient, shall report the incident reporting centralized electronic health care incident reporting system within 24 hours of occurrence or discovery. On 12/25/20 J. Castillo was instructed by C/O Warner to not open my door and that my vitals would be taken through the food port. J. Castillo had opened every other door that tested positive for Covid-19 to have their vitals checked except for inmate Parks T63457 FBB2-211 why? J. Castillo failed to follow 3999.111 (7) (c). If I inmate Parks was on isolation in FBB2-211 (1) it was never ordered for my vital signs to be taken through the food port. That in itself was cruel and unusual punishment in fact torture because according to (CCR-15 3999.111. (7) A Patient Safety Culture that encourages staff to proactively identify and report healthcare incidents) J. Castillo failed to notify or keep me safe by allowing C/O Warner to instruct him to not open my door and that my vitals would be taken through the door and (2) J. Castillo failed to follow CCR-15 3.999.111. (c) Department staff who observe or discover a health care incident, regardless of severity or absence of harm to a patient, shall report the incident reporting centralized electronic health care incident reporting system within 24 hours of occurrence or discovery. The moment J. Castillo heard me inmate Parks T63547 yell, whisper, mumble or in any way try to notify staff "Man down" department staff was instructed to utilize the centralized electronic health care incident reporting system. Therefore I inmate Tyrone A. Parks T63547 on 12/25/20 did not delay a Peace Officer in the Performance of duties. C/O J. Castillo is aware of CCR-15 Rules and Regulations 3999.111. (7) (c). Note this also applies to C/O Warner. Because C/O Warner failed to comply and or follow Rules and Regulations of CCR-15 3999.111. (7) (c). I inmate Parks T63547 still suffer from the chest pains because of the neglect of nurse Linda, nurse Velmonte, C/O Warner, and C/O J. Castillo. I was sick with Covid-19 and requested for medical help and instead I was denied. Note: 3000.5 (c) of CCR-15 Rules and Regulations "Shall" is mandatory.

Reporting Employee's Statement: All is stated in my report.

Staff Witnesses: Officer M. Werner, LVN M. Brown, Nurse Linda, Nurse Velmonte, Officer E. England, and Officer J. Castillo.

QUESTIONS FOR OFFICER WARNER:

Q1: On 12/25/2020 why did you instruct J. Castillo not to open cell 211?
A1: Per medical staff request, I was asked not to open cell door.

Q2: On 12/25/2020 who instructed you not to open cell 211 and that inmate PARKS vitals would be taken through the food port?
A2: Irrelevant to the charge.

Q3: On 12/25/2020, at any time did inmate PARKS become aggressive or hostile towards you or the present medical staff Linda or Velmonte?
A3: Yes, he began to yell and question staff. While enticing the building and demanding an immediate answer from myself and medical staff.

Q4: On 12/25/2020, did medical staff M. Brown LVN explain to me with you present about my chest pains and that medical records did not show my vitals were "not" supposed to be taken through the food port?
A4: Irrelevant to the charge.

QUESTIONS FOR LVN M. BROWN:

Q1: On 12/25/2020, did you order for my vitals to be taken by medical staff Linda or Velmonte through the food port in the A.M or P.M?
A2: Irrelevant to the charge.

Q2: on 12/25/2020, was C/O Warner Present when you explained about my chest pains and that you did not order for my vitals to be taken through the food port?
A2: Irrelevant to the charge.

Q3: On 12/25/2020, is there any record of inmate PARKS being aggressive or hostile toward medical staff Linda or Velmonte?
A3: Irrelevant to the charge.

QUESTIONS FOR NURSE LINDA:

Q1: On 12/25/2020, during your (A.M.) rounds in building #2 on Bravo yard, who instructed you that inmate PARKS in cell 211, door was not to be open and his vitals were to be taken through the food port? Did I delay you from your duties according to policy and procedures?
A1: Irrelevant to the charge.

Q2: On 12/25/2020, during your (P.M.) rounds in building #2 on Bravo yard, who instructed you that inmate PARKS in cell 211, door was not to be open and his vitals were to be taken through the food port? Did I delay you from your duties according to policy and procedures?
A2: Irrelevant to the charge.

QUESTIONS FOR LVN Velmonte:

Q1: On 12/25/2020, during your A.M. rounds in building #2 on Bravo yard, who instructed you that inmate PARKS in cell 211, door was not to be open and his vitals were to be taken through the food port? Did I delay you from your duties according to policy and procedures?
A1: Irrelevant to the charge.

Q2: On 12/25/2020, during your P.M. rounds in building #2 on Bravo yard, who instructed you that inmate PARKS in cell 211, door was not to be open and his vitals were to be taken through the food port? Did I delay you from your duties according to policy and procedures?
A2: Irrelevant to the charge.

QUESTION FOR R.N. Hinton Supervisor:

Q1: On 12/31/2020, did (LVN) M. Brown tell you she never ordered for my vitals to be taken through the food port? And what is the correct policy and procedure to take an inmate positive for COVID-19 vital?
A1: Irrelevant to the charge.

QUESTION FOR OFFICER E. England:

Q1: On 12/31/2020, were you present when medical staff LVN M. Brown told supervisor R.N Hinton "She never ordered for my vitals to be taken through the food port?
A1: Irrelevant to the charge.

QUESTIONS FOR OFFICER J. Castillo:

Q1: on 12/25/2020, who instructed you to not open my door and that my vitals would be taken through the food port?
A1: Officer M. Werner instructed me not open the door because Medical Staff advised the Vitals would be taken through the food port.

Q2: On 12/25/2020, what is the policy and procedure for "How is my infection going to be taken care of while I (Inmate Parks cell #211) am in isolation?
A2: Deemed irrelevant to the charge.

Q3: What is the policy and procedure for an inmate seeking medical help or attention?
A3: Deemed irrelevant to the charge.

Q4: According to policy and procedure statewide how did I delay you from performing your duties?
A4: The shower and phone program was delayed due to Inmate Parks inciting the building because his vitals were not taken with the door open.

INVESTIGATIVE EMPLOYEE'S COMMENTS: This concludes my report as the Investigative Employee.

INMATE WITNESSES: No Inmate witnesses were interviewed.
Parks does not request that the Reporting Employee (R/E) be available as a witness at his disciplinary hearing.
Parks did not request that the Investigative Employee (I/E) be available as a witness at his disciplinary hearing.
Parks did not request that any other staff be available as witnesses at his disciplinary hearing.
Parks did not request any Inmates as witnesses at his disciplinary hearing.

| SIGNATURE OF WRITER: M. Beltran | TITLE: Officer | DATE: 01/25/2021 |
|---|---|---|

CDCR SOMS ISST122 - RVR SUPPLEMENTAL

# EXHIBIT B

Exhibit B Contain the plaintiffs Notification of Positive
Covid-19 results and policy of how plaintiff would recieve
Medical Care and treatment while positive for Covid-19
See: Page 1 of 3. And the plaintiffs Medical Report
from date: 12/25/20 to 12/29/20. Medical Reports show
orders given and Assessment Forms. See: Orders
given for 12/25/20 and Assessments Forms showing
no orders were made or given by Medical Staff to take
Plaintiff vitals through the Food Port.

B2 - 211

TYRONE PARKS
T63547

Your COVID-19 Test on %COLLECTIONDATE% was POSITIVE.

- **What does a Positive COVID-19 test mean?** This means the virus that causes COVID-19, called Sars-CoV-2 was found in your test sample and this means you are infected at this time.

- **What happens to my housing now?** Your housing will change to isolation status, and you will need to stay isolated (separated from people who are not infected) for at least 14 days. If you have not been moved into an isolation area and you are not sure if staff know that you have tested positive for COVID-19, please talk to a staff member right away (keeping 6 feet distance). This is to make sure you do not spread the virus to others.

- **Can I spread the virus to others?** Yes. It does not matter if you have or do not have symptoms, you can give the virus to other people. Many people with the COVID-19 infection feel perfectly normal, but spread COVID-19 to others. You need to wear a mask at all times, cannot go to work, or be around any other people who are not infected.

- **How is my infection going to be taken care of while I am in isolation?** During your time in isolation housing, nurses will be talking with you twice a day and will check you temperature, blood pressure, and blood oxygen level. Some problems only show up by checking these vital signs, so please let the nurse check yours. This way we can make sure you see a doctor or go to the hospital as soon as you start having problems.

  - Tell any staff member immediately, if you feel that you have a fever, shortness of breath, difficulty breathing, chest pain, or any other medical emergency. Do not wait for 7362.

  - For many symptoms, you can ask for and take Tylenol and drink plenty of fluids, especially if you have a fever. Most people with mild symptoms feel better within two weeks.

- **How will my family know if I get sick?**

Name: PARKS, TYRONE ANTHONY          Page 1 of 3          DOB: 09/17/79

- Some patients get very sick from COVID-19 and have to go to the hospital. If that happens, it is important that we know if there is anyone that you want us to call. In order for us to give anyone information on your medical condition, you need to give us permission by filling out and signing CDCR Form 7385 called "Authorization for Release of Protected Health Information" (ROI form). If you we do not have a form, we are unable to call and let someone know if you get extremely sick.

- **When does the isolation end?** Medical Staff will determine when your isolation ends, based on the results of nurse checks and other information. The time in isolation is usually no longer then three (3) weeks.

  - Once isolation period ends, your COVID infection is called "Resolved". You can now safely be housed with people who are not infected.

  - Even though you are released from isolation, you may still feel tired and no back to your usual health. Please be sure to tell your healthcare clinic team if you are not getting better or if you have new symptoms.

- **Can I get COVID-19 again?** Yes, there are some examples of people getting COVID-19 again after 3 months. But for the first 3 months after this infection you should be protected. You must continue to wear the face mask and wash hands even during these 3 months.

**How do I prevent another COVID-19 infection?** You need to continue to wear a mask, and try to keep at least six (6) feet away from other people, wash your hands frequently, and report any symptoms to healthcare staff. After the 3 months, if you have symptoms or are around someone who has COVID-19, you will have another COVID-19 test.

| Result Name | Current Result | Reference Range |
|---|---|---|
| SARS CoV 2 RNA (COVID19) | DETECTED   ((A))   12/19/20 | NOT DETECTED - |

Nawaz, Mario P&S

Sincerely,

California Correctional Health Care Services



## CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

STATE OF CALIFORNIA                                    GAVIN NEWSON, GOVERNOR

### DECLARATION OF CUSTODIAN OF RECORDS

*Tracy Smith*, Declare as follows:

I am a *HEALTH RECORDS TECHNICIAN II, SUPERVISOR* Employed by the State of California Department of Corrections and Rehabilitation and California Correctional Health Care Services (CCHCS) at California State Prison-Los Angeles County, in Lancaster, California.

In this capacity, I am the duty authorized custodian of medical records maintained on patients-inmates committed to the custody of California Department of Corrections and Rehabilitation and CCHCS housed at this institution.

An Electronic Health Records System (EHRS) is maintained on each patient-inmate housed in the California Department of Corrections and Rehabilitation and CCHCS. The file is maintain in EHRS by the medical records department of the institution housing the patient-inmate, and his records can be viewed in EHRS when he transferred to any other institution.

Documents relating to a patient-inmate's medical examinations, treatment and care are maintained in the EHRS file. The contents enclosed represent the latest information received in written form. It may be out dated as the result of new or revised information, which has not yet been received or scan. The documents and entries in documents pertaining to a patient-inmate are prepared at our near the time of the examination, treatment or care of a patent-inmate by persons with personal knowledge of the examination, and treatment or care of the patient-inmate.

When a patient-inmate requires or requests medical diagnosis and treatment, the patient-inmate is generally asked about his symptoms, pains, and sensations. The patient-inmate's statements are generally recorded in documents maintained in the patient-inmate's EHRS medical file.

The copies from the EHRS presented here today contain the true doouments that represent the current information received in written form, on patient-inmate,

_____Parks, Tyrone_____          _____T 6 3547_____
NAME OF INMATE                                    CDC NUMBER

and maintained in the regular course of business by the California Department of Corrections and Rehabilitation and CCHCS, at this institution.

I declare under penalty of perjury that I am competent to testify as a witness, that the foregoing is true and correct and based on my personal knowledge except for those statements based on information and belief and as to those statements I believe them to be true, and that if called as a witness I would so testify

Executed on _____01/21/2021_____, at Lancaster, California
                    (Date)

_____Tracy Smith_____
        (Signature)



## CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES

COPY

### RECEIPT FOR HEALTH RECORDS

| Physician's & Medications Orders | From: | 12/25/2020 | To: | 12/29/2020 | 6 |
|---|---|---|---|---|---|
| Assessments | From: | 12/25/2020 | To: | 12/29/2020 | 7 |
| | TOTAL | | | | 13 |

Per Review procedure, I received printed copies from my Electronic Health Records System (EHRS) with the above-mentioned items in the possession. I realize that Health Records Services Department cannot longer be held responsible for the confidentiality of the items listed above. I understand that the confidentiality of my original Electronic Health Records System (EHRS) will continue to be maintained. By signing this form constitutes that this satisfies your request **and no refund of monies will be considered and this transaction is final.**

_____        _____
*PATIENT-INMATE SIGNATURE*            *DATE*

**Parks, Tyrone**                     T63547
*PRINT PATIENT-INMATE NAME*           *CDC NUMBER*

*WITNESS SIGNATURE*                   *DATE*

_____        *1/21/2021*              13
F. LANDAVERDE, HRT I                  *DATE*              *TOTAL PAGES SENT*

_Please issue these documents in a timely manner, due to procedural time constraints._
SIGN ABOVE AND RETURN TO HEALTH RECORDS.



**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

LAC - California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-

Patient:          **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:   9/17/1979   41 years      Male
Encounter Date:  9/29/2017
Attending:

CDCR #:      T63547
PID #:        11936970
Referring:

---

| *Orders* |
|---|

Patient Care

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/27/2020 18:00 PST
Order Status: Completed                    Department Status: Completed                    Activity Type: Patient Care
End-state Date/Time: 12/27/2020 18:44 PST                    End-state Reason:
Ordering Physician: Nawaz,Mario P&S                    Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/27/20 6:00:00 PM PST, Stop date 12/27/20 6:44:13 PM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/26/2020 18:00 PST
Order Status: Completed                    Department Status: Completed                    Activity Type: Patient Care
End-state Date/Time: 12/26/2020 20:25 PST                    End-state Reason:
Ordering Physician: Nawaz,Mario P&S                    Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/26/20 6:00:00 PM PST, Stop date 12/26/20 8:25:15 PM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/28/2020 07:30 PST
Order Status: Completed                    Department Status: Completed                    Activity Type: Patient Care
End-state Date/Time: 12/28/2020 12:50 PST                    End-state Reason:
Ordering Physician: Nawaz,Mario P&S                    Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/28/20 7:30:00 AM PST, Stop date 12/28/20 12:50:00 PM PST, COVID-19 Isolation
Order Comment:

---

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37308323

Print Date/Time:  1/21/2021 12:25 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:       PARKS, TYRONE ANTHONY
DOB/Age/Sex: 9/17/1979   / 41 years   / Male          CDCR: T63547

| Orders |
|---|

**Patient Care**

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/25/2020 18:00 PST
Order Status: Completed                    Department Status: Completed          Activity Type: Patient Care
End-state Date/Time: 12/25/2020 21:18 PST          End-state Reason:
Ordering Physician: Nawaz,Mario P&S          Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/25/20 6:00:00 PM PST, Stop date 12/25/20 9:18:31 PM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/29/2020 07:30 PST
Order Status: Completed                    Department Status: Completed          Activity Type: Patient Care
End-state Date/Time: 12/29/2020 16:47 PST          End-state Reason:
Ordering Physician: Nawaz,Mario P&S          Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/29/20 7:30:00 AM PST, Stop date 12/29/20 4:47:48 PM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/28/2020 18:00 PST
Order Status: Ordered                      Department Status: Ordered            Activity Type: Patient Care
End-state Date/Time: 12/28/2020 18:00 PST          End-state Reason:
Ordering Physician: Nawaz,Mario P&S          Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/28/20 6:00:00 PM PST, Stop date 12/28/20 6:00:00 PM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/29/2020 18:00 PST
Order Status: Ordered                      Department Status: Ordered            Activity Type: Patient Care
End-state Date/Time: 12/29/2020 18:00 PST          End-state Reason:
Ordering Physician: Nawaz,Mario P&S          Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/29/20 6:00:00 PM PST, Stop date 12/29/20 6:00:00 PM PST, COVID-19 Isolation
Order Comment:

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37308323

Print Date/Time:  1/21/2021 12:25 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:      PARKS, TYRONE ANTHONY
DOB/Age/Sex:  9/17/1979  / 41 years    / Male          CDCR: T63547

| *Orders* |
|---|

Patient Care

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/27/2020 07:30 PST
Order Status: Completed                Department Status: Completed          Activity Type: Patient Care
End-state Date/Time: 12/27/2020 12:12 PST              End-state Reason:
Ordering Physician: Nawaz,Mario P&S                   Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/27/20 7:30:00 AM PST, Stop date 12/27/20 12:12:44 PM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/26/2020 07:30 PST
Order Status: Completed                Department Status: Completed          Activity Type: Patient Care
End-state Date/Time: 12/26/2020 10:58 PST             End-state Reason:
Ordering Physician: Nawaz,Mario P&S                   Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/26/20 7:30:00 AM PST, Stop date 12/26/20 10:58:37 AM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Isolation Surveillance Rounding**
Order Date/Time: 12/21/2020 15:03 PST
Order Start Date/Time: 12/25/2020 07:30 PST
Order Status: Completed                Department Status: Completed          Activity Type: Patient Care
End-state Date/Time: 12/25/2020 17:34 PST             End-state Reason:
Ordering Physician: Nawaz,Mario P&S                   Consulting Physician:
Entered By: Muriithi,Doreen RN on 12/21/2020 15:03 PST
Order Details: 12/25/20 7:30:00 AM PST, Stop date 12/25/20 5:34:16 PM PST, COVID-19 Isolation
Order Comment:

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/27/2020 18:00 PST
Order Status: Ordered                  Department Status: Ordered           Activity Type: Patient Care
End-state Date/Time: 12/27/2020 18:00 PST             End-state Reason:
Ordering Physician: Ramos,Bernard P&S                 Consulting Physician:
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/27/20 6:00:00 PM PST, Stop date 12/27/20 6:00:00 PM PST, COVID-19 Quarantine
Order Comment:

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37308323

Print Date/Time:  1/21/2021 12:25 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:            PARKS, TYRONE ANTHONY
DOB/Age/Sex:   9/17/1979  / 41 years      / Male           CDCR: T63547

| *Orders* |
| --- |

<u>Patient Care</u>

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/28/2020 18:00 PST
Order Status: Ordered
End-state Date/Time: 12/28/2020 18:00 PST
Ordering Physician: Ramos,Bernard P&S
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/28/20 6:00:00 PM PST, Stop date 12/28/20 6:00:00 PM PST, COVID-19 Quarantine
Order Comment:

Department Status: Ordered            Activity Type: Patient Care
End-state Reason:
Consulting Physician:

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/29/2020 18:00 PST
Order Status: Ordered
End-state Date/Time: 12/29/2020 18:00 PST
Ordering Physician: Ramos,Bernard P&S
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/29/20 6:00:00 PM PST, Stop date 12/29/20 6:00:00 PM PST, COVID-19 Quarantine
Order Comment:

Department Status: Ordered            Activity Type: Patient Care
End-state Reason:
Consulting Physician:

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/27/2020 07:30 PST
Order Status: Ordered
End-state Date/Time: 12/27/2020 07:30 PST
Ordering Physician: Ramos,Bernard P&S
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/27/20 7:30:00 AM PST, Stop date 12/27/20 7:30:00 AM PST, COVID-19 Quarantine
Order Comment:

Department Status: Ordered            Activity Type: Patient Care
End-state Reason:
Consulting Physician:

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/26/2020 07:30 PST
Order Status: Ordered
End-state Date/Time: 12/26/2020 07:30 PST
Ordering Physician: Ramos,Bernard P&S
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/26/20 7:30:00 AM PST, Stop date 12/26/20 7:30:00 AM PST, COVID-19 Quarantine
Order Comment:

Department Status: Ordered            Activity Type: Patient Care
End-state Reason:
Consulting Physician:

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37308323

Print Date/Time:  1/21/2021 12:25 PST

<u>**WARNING:**</u> This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:       **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:  9/17/1979  / 41 years    / Male          CDCR: T63547

| *Orders* |
|---|

### Patient Care

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/26/2020 18:00 PST
Order Status: Ordered                    Department Status: Ordered            Activity Type: Patient Care
End-state Date/Time: 12/26/2020 18:00 PST              End-state Reason:
Ordering Physician: Ramos,Bernard P&S                 Consulting Physician:
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/26/20 6:00:00 PM PST, Stop date 12/26/20 6:00:00 PM PST, COVID-19 Quarantine
Order Comment:

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/28/2020 07:30 PST
Order Status: Ordered                    Department Status: Ordered            Activity Type: Patient Care
End-state Date/Time: 12/28/2020 07:30 PST              End-state Reason:
Ordering Physician: Ramos,Bernard P&S                 Consulting Physician:
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/28/20 7:30:00 AM PST, Stop date 12/28/20 7:30:00 AM PST, COVID-19 Quarantine
Order Comment:

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/25/2020 18:00 PST
Order Status: Ordered                    Department Status: Ordered            Activity Type: Patient Care
End-state Date/Time: 12/25/2020 18:00 PST              End-state Reason:
Ordering Physician: Ramos,Bernard P&S                 Consulting Physician:
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/25/20 6:00:00 PM PST, Stop date 12/25/20 6:00:00 PM PST, COVID-19 Quarantine
Order Comment:

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/29/2020 07:30 PST
Order Status: Ordered                    Department Status: Ordered            Activity Type: Patient Care
End-state Date/Time: 12/29/2020 07:30 PST              End-state Reason:
Ordering Physician: Ramos,Bernard P&S                 Consulting Physician:
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/29/20 7:30:00 AM PST, Stop date 12/29/20 7:30:00 AM PST, COVID-19 Quarantine
Order Comment:

---

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37308323                          Print Date/Time:  1/21/2021 12:25 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:      **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:  9/17/1979  / 41 years    / Male          CDCR: T63547

| *Orders* |
|---|

**Patient Care**

Order: **COVID-19 Quarantine Surveillance Rounding**
Order Date/Time: 12/8/2020 14:31 PST
Order Start Date/Time: 12/25/2020 07:30 PST
Order Status: Ordered              Department Status: Ordered                    Activity Type: Patient Care
End-state Date/Time: 12/25/2020 07:30 PST            End-state Reason:
Ordering Physician: Ramos,Bernard P&S               Consulting Physician:
Entered By: Rush,Robin RN on 12/8/2020 14:31 PST
Order Details: 12/25/20 7:30:00 AM PST, Stop date 12/25/20 7:30:00 AM PST, COVID-19 Quarantine
→  Order Comment:

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37308323                                    Print Date/Time:  1/21/2021 12:25 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.



**CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

LAC - California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-

**Patient:**          **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:   9/17/1979   41 years      Male
Encounter Date:   9/29/2017
Attending:

CDCR #:      T63547
PID #:       11936970
Referring:

| *Assessment Forms* |
| --- |

COVID-19 Isolation Surveillance Rounding Entered On: 12/29/2020 18:06 PST
Performed On: 12/29/2020 18:05 PST by Valmonte, Victoria RN

**Patient Encounter Information**
*ENCTR Information :*   Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
10000002911936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

**COVID-19 Isolation Surveillance Rounding**                    Valmonte, Victoria RN - 12/29/2020 18:05 PST
*Patient Refused Vital Signs :*  No
*Temperature Route :*  Temporal
*Temperature Temporal :*  36.6 DegC(Converted to: 97.9 DegF)
*Peripheral Pulse Rate :*  102 bpm (HI)
*Respiratory Rate :*  16 br/min
*Systolic/Diastolic BP :*  97 mmHg
*Systolic/Diastolic BP :*  66 mmHg
*Mean Arterial Pressure, Cuff :*  76 mmHg
*SpO2 :*  98 %
*SpO2 Location :*  Right hand
*O2 Therapy :*  Room air
*Pain Present :*  No actual or suspected pain
*Are previously documented symptoms worsening :*  No
*Are previously documented symptoms resolving :*  Yes
*Complications of COVID-19 :*  None

Valmonte, Victoria RN - 12/29/2020 18:05 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

 **CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

LAC - California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-

**Patient:**     PARKS, TYRONE ANTHONY
DOB/Age/Sex:   9/17/1979   41 years     Male
Encounter Date:   9/29/2017
Attending:

CDCR #:     T63547
PID #:      11936970
Referring:

---

### *Assessment Forms*

---

**COVID-19 Isolation Surveillance Rounding Entered On: 12/29/2020 16:47 PST**
**Performed On: 12/29/2020 9:00 PST by Valmonte, Victoria RN**

**Patient Encounter Information**
*ENCTR Information :*   Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000002911936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

Valmonte, Victoria RN - 12/29/2020 16:47 PST

**COVID-19 Isolation Surveillance Rounding**
*Patient Refused Vital Signs :*   No
*Temperature Route :*   Temporal
*Temperature Temporal :*   36.5 DegC(Converted to: 97.7 DegF)
*Peripheral Pulse Rate :*   90 bpm
*Respiratory Rate :*   16 br/min
*Systolic/Diastolic BP :*   114 mmHg
*Systolic/Diastolic BP :*   78 mmHg
*Mean Arterial Pressure, Cuff :*   90 mmHg
*SpO2 :*   100 %
*SpO2 Location :*   Right hand
*O2 Therapy :*   Room air
*Pain Present :*   No actual or suspected pain
*Are previously documented symptoms worsening :*   No
*Are previously documented symptoms resolving :*   Yes
*Complications of COVID-19 :*   None

Valmonte, Victoria RN - 12/29/2020 16:47 PST

---

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:       **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:   9/17/1979  / 41 years    / Male          CDCR: T63547

| *Assessment Forms* |
| --- |

**COVID-19 Isolation Surveillance Rounding Entered On: 12/28/2020 16:16 PST**
**Performed On: 12/28/2020 16:15 PST by Stovall, Scott RN**

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000002911936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

Stovall, Scott RN - 12/28/2020 16:15 PST

**COVID-19 Isolation Surveillance Rounding**
*Patient Refused Vital Signs :*  No
*Temperature Route :*  Temporal
*Temperature Temporal :*  37.1 DegC(Converted to: 98.8 DegF)
*Peripheral Pulse Rate :*  74 bpm
*Respiratory Rate :*  16 br/min
*Systolic/Diastolic BP :*  111 mmHg
*Systolic/Diastolic BP :*  78 mmHg
*Mean Arterial Pressure, Cuff :*  89 mmHg
*SpO2 :*  99 %
*SpO2 Location :*  Left hand
*O2 Therapy :*  Room air
*Pain Present :*  No actual or suspected pain
*Complications of COVID-19 :*  None

Stovall, Scott RN - 12/28/2020 16:15 PST

**COVID-19 Isolation Surveillance Rounding Entered On: 12/28/2020 12:49 PST**
**Performed On: 12/28/2020 12:48 PST by Adera, Victor RN**

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000002911936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

Adera, Victor RN - 12/28/2020 12:48 PST

**COVID-19 Isolation Surveillance Rounding**
*Patient Refused Vital Signs :*  No
*Temperature Route :*  Temporal
*Temperature Temporal :*  36.0 DegC(Converted to: 96.8 DegF)  (LOW)
*Peripheral Pulse Rate :*  83 bpm
*Respiratory Rate :*  16 br/min

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37230794                                    Print Date/Time:  1/19/2021 12:00 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:      **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:  9/17/1979   / 41 years    / Male          CDCR: T63547

| *Assessment Forms* |
| --- |

*Systolic/Diastolic BP :*  112 mmHg
*Systolic/Diastolic BP :*  74 mmHg
*Mean Arterial Pressure, Cuff :*  87 mmHg
*SpO2 :*  100 %
*SpO2 Location :*  Right hand
*O2 Therapy :*  Room air
*Pain Present :*  No actual or suspected pain
*Complications of COVID-19 :*  None

Adera, Victor RN - 12/28/2020 12:48 PST

**COVID-19 Isolation Surveillance Rounding Entered On:  12/27/2020 18:44 PST**
**Performed On:  12/27/2020 15:32 PST by Verceles, Aileen RN**

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000002911936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

Verceles, Aileen RN - 12/27/2020 18:43 PST

**COVID-19 Isolation Surveillance Rounding**
*Patient Refused Vital Signs :*  No
*Temperature Route :*  Infrared Scan (IR)
*Temperature Infrared IR :*  36.2 DegC(Converted to: 97.2 DegF)
*Peripheral Pulse Rate :*  82 bpm
*Respiratory Rate :*  16 br/min
*Systolic/Diastolic BP :*  92 mmHg
*Systolic/Diastolic BP :*  65 mmHg
*Mean Arterial Pressure, Cuff :*  74 mmHg
*SpO2 :*  96 %
*SpO2 Location :*  Right hand
*O2 Therapy :*  Room air
*Are previously documented symptoms worsening :*  No
*Are previously documented symptoms resolving :*  Yes
*Complications of COVID-19 :*  None

Verceles, Aileen RN - 12/27/2020 18:43 PST

**COVID-19 Isolation Surveillance Rounding Entered On:  12/27/2020 12:12 PST**
**Performed On:  12/27/2020 8:50 PST by Wagner, Tami RN**

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37230794                              Print Date/Time:  1/19/2021 12:00 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:        **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:  9/17/1979  / 41 years    / Male          CDCR: T63547

| *Assessment Forms* |
|---|

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000002911936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

**COVID-19 Isolation Surveillance Rounding**                    Wagner, Tami RN - 12/27/2020 12:12 PST
*Patient Refused Vital Signs :*  No
*Temperature Route :*  Infrared Scan (IR)
*Temperature Infrared IR :*  36.3 DegC(Converted to: 97.3 DegF)
*Peripheral Pulse Rate :*  89 bpm
*Respiratory Rate :*  16 br/min
*Systolic/Diastolic BP :*  103 mmHg
*Systolic/Diastolic BP :*  74 mmHg
*Mean Arterial Pressure, Cuff :*  84 mmHg
*SpO2 :*  98 %
*SpO2 Location :*  Right hand
*O2 Therapy :*  Room air
*Pain Present :*  No actual or suspected pain
*Are previously documented symptoms worsening :*  No
*Are previously documented symptoms resolving :*  Yes
*Complications of COVID-19 :*  None

Wagner, Tami RN - 12/27/2020 12:12 PST

**COVID-19 Isolation Surveillance Rounding Entered On: 12/26/2020 20:25 PST**
**Performed On: 12/26/2020 20:24 PST by Aligwekwe, Lucy RN**

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000002911936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

**COVID-19 Isolation Surveillance Rounding**               Aligwekwe, Lucy RN - 12/26/2020 20:24 PST
*Patient Refused Vital Signs :*  No
*Temperature Route :*  Temporal
*Temperature Temporal :*  37 DegC(Converted to: 98.6 DegF)
*Peripheral Pulse Rate :*  67 bpm
*Systolic/Diastolic BP :*  106 mmHg
*Systolic/Diastolic BP :*  78 mmHg

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID: 37230794                              Print Date/Time: 1/19/2021 12:00 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

LAC - California State Prison, Los Angeles County

Patient:      PARKS, TYRONE ANTHONY
DOB/Age/Sex:  9/17/1979  / 41 years    / Male          CDCR: T63547

| Assessment Forms |
|---|

*Mean Arterial Pressure, Cuff :*  87 mmHg
*SpO2 :*  98 %
*SpO2 Location :*  Left hand
*O2 Therapy :*  Room air
*Complications of COVID-19 :*  None

Aligwekwe, Lucy RN - 12/26/2020 20:24 PST

**COVID-19 Isolation Surveillance Rounding Entered On:  12/26/2020 10:58 PST**
**Performed On:  12/26/2020 9:00 PST by Wagner, Tami RN**

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000000291193697OT63547,Facility: LAC,Encounter Type: Institutional Encounter

Wagner, Tami RN - 12/26/2020 10:58 PST

**COVID-19 Isolation Surveillance Rounding**
*Patient Refused Vital Signs :*  Yes
*Pain Present :*  No actual or suspected pain
*Complications of COVID-19 :*  None

Wagner, Tami RN - 12/26/2020 10:58 PST

**COVID-19 Isolation Surveillance Rounding Entered On:  12/25/2020 21:18 PST**
**Performed On:  12/25/2020 21:18 PST by Valmonte, Victoria RN**

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000000291193697OT63547,Facility: LAC,Encounter Type: Institutional Encounter

Valmonte, Victoria RN - 12/25/2020 21:18 PST

**COVID-19 Isolation Surveillance Rounding**
*Patient Refused Vital Signs :*  Yes
*Complications of COVID-19 :*  None

Valmonte, Victoria RN - 12/25/2020 21:18 PST

Legend: c=Corrected, @=Abnormal, C=Critical, L=Low, H=High, f=Result Comment, i=Interp Data, *=Performing Lab

Report Request ID:  37230794                          Print Date/Time:  1/19/2021 12:00 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

 **CALIFORNIA CORRECTIONAL**
**HEALTH CARE SERVICES**

LAC - California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-

**Patient:**   **PARKS, TYRONE ANTHONY**
DOB/Age/Sex:   9/17/1979   41 years   Male
Encounter Date:   9/29/2017
Attending:

CDCR #:   T63547
PID #:   11936970
Referring:

---

### Assessment Forms

---

**COVID-19 Isolation Surveillance Rounding Entered On: 12/25/2020 17:34 PST**
**Performed On:   12/25/2020 10:00 PST by Valmonte, Victoria RN**

**Patient Encounter Information**
*ENCTR Information :*  Encounter Info: Patient Name: TYRONE PARKS,DOB: 09/17/1979,,FIN:
1000000291 1936970T63547,Facility: LAC,Encounter Type: Institutional Encounter

Valmonte, Victoria RN - 12/25/2020 17:33 PST

**COVID-19 Isolation Surveillance Rounding**
*Patient Refused Vital Signs :*  No
*Temperature Route :*  Infrared Scan (IR)
*Temperature Infrared IR :*  36.5 DegC(Converted to: 97.7 DegF)
*Peripheral Pulse Rate :*  98 bpm
*Respiratory Rate :*  16 br/min
*Systolic/Diastolic BP :*  99 mmHg
*Systolic/Diastolic BP :*  66 mmHg
*Mean Arterial Pressure, Cuff :*  77 mmHg
*SpO2 :*  96 %
*SpO2 Location :*  Right hand
*O2 Therapy :*  Room air
*Pain Present :*  No actual or suspected pain
*Are previously documented symptoms worsening :*  No
*Are previously documented symptoms resolving :*  Yes
*Complications of COVID-19 :*  None

Valmonte, Victoria RN - 12/25/2020 17:33 PST

---

Report Request ID:  37308442

Print Date/Time:  1/21/2021 12:28 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged
information intended for the recipient only.

# EXHIBIT C

Exhibit C contains Government Claims, Exhaust of
State Claims for remedy. The final response for 602/Inmate
appeal with copy of inmate appeal and signed and dated
Citizens complaint filed on 2/19/21 by plaintiff. . . .



**DGS** CALIFORNIA DEPARTMENT OF
**GENERAL SERVICES**

Governor Gavin Newsom

12/02/2021

Tyrone A Parks T63547
22844 Virginia Blvd
California City, CA 93505

RE:  Claim 21005408 for Tyrone A Parks T63547 against Department of Corrections
and Rehabilitation

Dear Tyrone Parks,

Government Claims Program (GCP) staff completed its investigation of your claim
and rejected it for the following reasons.

The claim involves complex issues that are beyond the scope of analysis and legal
interpretation typically undertaken by the GCP.  Claims involving complex issues are
best determined by the courts.  Therefore, staff did not make a determination
regarding the merit of the claim, and it is being rejected so you can initiate court
action if you choose to pursue this matter further.

If you choose to pursue court action in this matter, it is not necessary or proper to
include the GCP in your lawsuit unless the GCP was identified as a defendant in your
original claim.  Please consult Government Code section 955.4 regarding proper
service of the summons.

If you have questions about this matter, please feel free to contact GCP by phone,
mail, or email using the contact information below.   Please remember to reference
the assigned claim number (21005408) in your communication.

Sincerely,

Eric Rivera, Program Analyst
Government Claims Program
gcinfo@dgs.ca.gov

**WARNING:**  Subject to certain exceptions, you have only six (6) months from the
date this notice was personally delivered or deposited in the mail to file a court action
on this claim.  See Government Code Section 945.6.  You may seek the advice of an
attorney of your choice in connection with this matter.  If you desire to consult an
attorney, you should do so immediately.



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

## CLAIMANT APPEAL CLAIMS DECISION RESPONSE

**Re:** Appeal Claims Decision Response

**Offender Name:** PARKS, TYRONE ANTHONY

**CDC#:** T63547

**Current Location:** LAC-Facility A

**Date:** 05/03/2021

**Current Area/Bed:** A 001 2 - 206001L

**Log #:** 000000090370

**Claim #  001**

**Institution/Parole Region of Origin:** California State Prison, Los Angeles County   **Facility/Parole District of Origin:** LAC-Facility A

**Housing Area/Parole Unit of Origin:**

**Category:** Offender Discipline                    **Sub-Category:**   Serious Rules Violation Report

### I. ISSUE ON APPEAL

You are disputing the Office of Grievances' rejection of this claim as untimely.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

Title 15, sections 3482(b).

#### B. DOCUMENTS CONSIDERED

CDCR Form 602 and CDCR Form 602-2; Rules Violation Report, log #7053245.

### III. REASONING AND DECISION

We find that this claim was submitted timely, as your claim concerns an allegation of staff misconduct in that staff filed a false Rules Violation Report (log #7053245). You received a finalized copy of the hearing results on February 9, 2021, and submitted this claim on February 19, 2021, which is within the 30-calendar day timeframe to grieve this issue pursuant to Title 15, section 3482(b). Although the rules violation was subsequently voided, this does not preclude you from grieving the allegation of staff misconduct related to this incident. Therefore, this claim is granted.

### IV. REMEDY

The Office of Grievances shall open a new grievance to review and respond to this claim on the merits.

**Decision: Granted**

After a thorough review of all documents and evidence available at the time of this written decision, it is the order of the Office of Appeals that this claim is granted. This decision exhausts the administrative remedies available to the claimant within CDCR.

| Staff Signature | Title | Date/Time |
|---|---|---|
| H. Moseley [MOHO002] | Chief | 05/03/2021 |

State of California

Department of Corrections and Rehabilitation
Office of Appeals

# Memorandum



To:       Claimant

Subject:  **DECISION ON APPEAL – GRANTED**

Thank you for submitting your appeal for review by the California Department of Corrections, Office of Appeals. Pursuant to Title 15, section 3486(i)(2), the Office of Appeals has granted one or more of the claims you submitted on your CDCR Form 602-2 (see attached decision letter).

Pursuant to Title 15, section 3485(e), "The appeal package submitted by the claimant shall be stored electronically by the Department. The CDCR Form 602-2 shall contain a notification to the claimant that the documents submitted will not be returned to the claimant." Therefore, your Form 602-2 and any supporting documents are not included with this response.

However, a copy of your entire appeal package is maintained in your Central File. The process for requesting copies of documents contained in Central Files, often referred to as an *Olsen* review, can be found in the Department Operations Manual, sections 13030.16 and 13030.17.

Thank you,

HOWARD E. MOSELEY
Associate Director

State of California

# Memorandum

Department of Corrections and Rehabilitation

Office of Appeals

To:   **Claimant**

Subject: **Modified Response Date**

Attached to this memorandum is a copy of a letter from the Office of Appeals informing you that your claim has been assigned to an institutional or regional Office of Grievances for review and a written response. This memorandum serves as notice that the deadline provided in the letter for the response to your claim has been modified and will instead be as follows:

AUG 1 3 2021

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | | | |
|---|---|---|---|
| | Institution/Parole Region: | Log #: | Category: |
| | | | |
| | *FOR STAFF USE ONLY* | | |

You may appeal any California Department of Corrections and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days  of the event that lead to the filing of this appeal.  If additional space is needed, _only_ one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.                WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Parks Tyrone | CDC Number: T63547 | Unit/Cell Number: A4-233 | Assignment: H.F.M 3rd Watch |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): Staff Misconduct
Violation of CCR-15 3391(a), 3999.111(7)(c), 3999.400(a)(c).

A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 12/25/20 the
Inmate Parks T63547 was Subjected to Staff Misconduct by C/o's
C. Brito, M. Werner, and J. Castillo. These officer's failed to
Comply to CCR-15 3391(a), 3999.111(7)(c), 3999.400(a)(c), D.O.M.

B.  Action requested (If you need more space, use Section B of the CDCR 602-A): That a Citizens
Complaint be filed on each officer. The hiring agency be notified
That I not suffer any reprisals for filing this Complaint and I
be transfered to a level-2 institution for my safty.

Supporting Documents:  Refer to CCR 3084.3.
☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

Citizen Complaint                          Doctor Reports
Final Copy of (RVR)

☐ No, I have not attached any supporting documents.  Reason : _____

_____

_____

Inmate/Parolee Signature: _____          Date Submitted: _____

☐ By placing my initials in this box, I waive my right to receive an interview.

**C.  First Level - Staff Use Only**

This appeal has been:                                       Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes   ☐ No
☐ Bypassed at the First Level of Review.  Go to Section E.
☐ Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)  Date: _____
☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response.  Include interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: _____          Interview Location: _____

Your appeal issue is:  ☐ Granted   ☐ Granted in Part   ☐ Denied   ☐ Other: _____
See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____  Title: _____  Signature: _____  Date completed: _____
                (Print Name)

Reviewer: _____  Title: _____  Signature: _____
                (Print Name)

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___ / ___ / ___ |

STATE OF CALIFORNIA
**CITIZEN'S COMPLAINT AGAINST EMPLOYEES OF CDCR**
CDCR 2142 (Rev. 09/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 1 of 2

I wish to register a complaint against the following named employee(s) of the California Department of Corrections and Rehabilitation:

| Employee(s) Name | Description (Job title, ID number, vehicle and license number, home address, etc. if known) | Employee's Work Location (if known) |
|---|---|---|
| M. Werner | C.D.C.R. Officer | CSP-LAC |
| C. Brito | C.D.C.R. Officer | CSP-LAC |
| J. Castillo | C.D.C.R. Officer | CSP-LAC |

| 12/25/20 | 10:00:00/16:40:00 | LAC-Facility B |
|---|---|---|
| Date(s) of Incident | Time of Incident | Location of Incident |

**Details of Complaint** (Include nature of complaint, names and address of witnesses and other involved parties, names of any law enforcement or social services agencies, doctors, or attorneys contacted, a chronology of the events, etc. It is important to include as many factual details as possible so that your complaint may be thoroughly investigated. Attach additional sheets if necessary.)

On 12/25/2020 I was forced to take my vital signs by medical staff through the food port. Because C/o C. Brito would not open my door. This took place at 10:00 A.M. on 12/25/2020 C/o Werner tried to make medical take my vitals through the food port but I refused. C/o J. Castillo then filed a false report and statements. These officers need to be investigated for their conduct. See: Attached.

In order that the Department may contact you relative to your complaint, please provide the following:

Name: Tyrone A. Parks CDC#T63547          Home Phone: (   )  _____

Address: CSP/LAC, P.O. Box 4430, Lancaster, CA 93539   Work Phone: (   )  _____

If your complaint is against a Department peace officer, you must read and sign the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A PEACE OFFICER FOR ANY IMPROPER PEACE OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZENS' COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

I have read and understand the above statement:  _____     2/19/21
                                                              Signature                          Date

Your complaint may be submitted to any supervisor or manager of the Department, or may be addressed to the Department's Office of Internal Affairs at any of the Regional Offices indicated on the reverse side of this form.

*For Departmental Use Only:*

_____     _____     _____
*Official Receiving Complaint*          *Office/Institution*                 *Date Received*

*see reverse side for instructions*

Attached P.9.

The Culture here at CSP-LAC Custody officers is equivilant to that as a Criminal organization. In my case I was sick with Covid·19 and instead of being treated for this virus as a sick patient. I was being discriminated against, tortured, and punished. C/o C. Brito on 12/25/20 forced medical Staff to take my vitals through the food port because of C/o C. Brito medical Staff did not get an accurate read on my vital signs. C/o M. Werner had walked the entire tier with medical Staff taking their vital signs through an open door and when she arrived she told me my vital signs had to be taken through the food port. I refused my vitals. However C/o M. Werner conspired with C/o C. Brito to do harm to me. When questioned C/o M. Werner by Investigative Employee C/o M. Beltran "Why did you instruct C/o J. Castillo not to open cell 211? C/o M. Werner Statement was: (Per medical Staff request, I was asked not to open cell door)". C/o M. Werner lied because medical Staff never instructed C/o M. Werner to take my vitals through a food port. Because medical Staff knows you cannot get an accurate read on vitals. After I refused medical the opportunity to take my vitals 30 minutes later I began to have painful chest pains to which I called "Man down". I was Positive for Covid·19 and C/o J. Castillo ignored my medical request for help never notified of activated his alarm for medical attention. C/o J. Castillo makes note of this in the (RVR). Per CCR-15 3391(a) 3999.111.(7)(c), 3999.400(a)(c) C/o J. Castillo, C/o C. Brito, and C/o M. Werner all violated these rules and regulations.

STATE OF CALIFORNIA
**CITIZEN'S COMPLAINT AGAINST EMPLOYEES OF CDCR**
CDCR 2142 (Rev. 09/15)

DEPARTMENT OF CORRECTIONS AND REHABILITATION
Page 2 of 2

INSTRUCTIONS

*The Department of Corrections and Rehabilitation is committed to ensuring all departmental employees are courteous, ethical and professional in carrying out the Department's mission. The Department shall investigate citizens' complaints against employees to preserve the integrity and morale of the Department, foster public trust and confidence, and ensure accountability to the public. The investigations shall be thorough and impartial, with the intent of correcting or disciplining employees who engage in misconduct, identifying inadequate policies and training, and protecting employees who perform their duties properly from unwarranted criticism. The following outlines the process used by the Department for investigating complaints by citizens and departmental employees.*

1. Section 3391 (b) of Title 15 of the California Code of Regulations specifies that an allegation by a non-inmate of misconduct by a departmental peace officer is a citizens' complaint pursuant to Penal Code Section 832.5. A citizens' complaint against any departmental employee may be initiated by completing and submitting this form to: (a) any departmental hiring authority, including warden/administrator of a correctional institution, parole office, or other departmental office; (b) any departmental supervisor or manager; or, (c) any Regional Office or Headquarters Office of the Department's Office of Internal Affairs. If your complaint regards sexual harassment or discrimination based on race, gender, national origin, religion, sexual orientation, or disability, it may be referred to the Department's Equal Employment Opportunity Office for investigation and appropriate disposition.

2. Provide as much detail as possible on this form to ensure a thorough and timely investigation. Attach additional sheets if necessary to describe your complaint. In addition, attach any documentation you believe supports your complaint. The date, time and location of the incident, where the subject employee(s) works, and names, addresses, and telephone numbers of other involved parties and witnesses are critical to a thorough investigation of your complaint.

3. Your complaint will be investigated by a departmental hiring authority or the Office of Internal Affairs nature and seriousness of the allegation(s). dependingnature and seriousness of the allegation(s). on the

4. As the complainant, you will be contacted during the investigation regarding the information provided on this form and supporting documents, as well as any other knowledge you may have relative to the allegation(s). You may be interviewed regarding your complaint and, if criminal conduct is alleged, you may also be contacted by other federal, state, and/or local law enforcement agencies.

5. The investigator will verify the information you provide by collecting evidence and interviewing witnesses, other involved parties, and the subject employee(s). A final investigative report will be prepared at the conclusion of the investigation and you will be notified of the results of the investigation.

6. The departmental hiring authority will be provided with the investigative report. If any allegations of misconduct are sustained, a determination will be made regarding appropriate corrective and/or disciplinary action against the employee. The Director of Corrections and Rehabilitation has final authority on disciplinary matters.

7. In some cases, the results of the investigation may warrant changes to a departmental policy/procedure to alleviate any future concerns.

8. If formal adverse action is taken against the employee(s), the employee(s) has a right to appeal this action to the State Personnel Board. The Board may uphold the Department's action, or overturn the action based on its own independent evaluation of the allegation(s) and finding(s).

9. Complaints and investigative reports will be retained by the Department for a period of five years.

> **NOTE:** A complaint by an inmate or parolee under the Department's jurisdiction shall be made on the Form CDCR 602 Inmate/Parolee Appeal under the appeal process outlined in the California Code of Regulations, Title 15, Sections 3084 through 3084.7.

**Office of Internal Affairs:**   Northern Region
P.O. Box 3009
Sacramento, CA 95812
(916) 255-1301

Central Region
5100 Young Street
Building B, Suite 160A
Bakersfield, CA 93311
(661) 664-2054

Southern Region
9035 Haven Avenue
Suite 105
Rancho Cucamonga, CA 91730
(909) 483-1594

STATE OF CALIFORNIA
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858  (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE   [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Tyrone A. Parks | | | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Tyrone A. Parks | | T63547 | 2/19/21 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

# EXHIBIT D

Exhibit D Contains Final response from U.S.
Department of Justice showing the Department of
Corrections giving false report on vitals being done through
the food port.



**U.S. Department of Justice**

Office of Justice Programs

*Office for Civil Rights*

*Washington, D.C. 20531*

July 22, 2021

Tyrone A. Parks (# T63547)
22844 Virginia Blvd.
California City, CA 93505

     Re:    Parks v. Cal. Dep't of Corr. and Rehab. (21-OCR-0782)

Dear Mr. Parks:

The Office for Civil Rights (OCR) within the Office of Justice Programs of the U.S. Department of Justice (DOJ) has reviewed your Complaint against the California Department of Corrections and Rehabilitation (CDCR). You alleged that you experienced racial discrimination during your medical testing by staff at the California State Prison, Los Angeles County (LAC). Since that time, the DOC transferred you to the California City Correctional Facility (CAC).

The OCR is charged with the administrative responsibility for enforcing statutes and regulations relating to discrimination on the basis of race, color, national origin, religion, sex, age or disability by recipients of Federal financial assistance in the delivery of services or in employment practices. The OCR has carefully reviewed your Complaint. You alleged that while you were Covid-positive, the DOC conducted your medical tests through the food port rather than through an open door due to racial discrimination. The DOC stated in response to your grievance, however, that all Covid-positive inmates' tests were conducted through food ports to lessen the risk of Covid transmission to the medical staff. Additionally, you complained about the cleanliness of your former facility, but the OCR does not have the authority to investigate entities for issues related to general misconduct or to investigate activity not related to discrimination. Therefore, the OCR is administratively closing your Complaint and will not take further action on it.

Thank you for contacting the DOJ with your concerns. Our closure of your Complaint does not prevent you from raising these concerns with other agencies or courts.

Sincerely,

X *Michael L. Alston*

Michael L. Alston
Director
Signed by: Michael Alston

# EXHIBIT E

Exhibit E Contains CCR-15 Rules and Regulations

Policy on how CDCR correctional officers are supposed to

treat a inmates medical request. See; Page 363 CCR-15

3999.400 (c)  and Page 317 CCR-15 3999.111 (7)(c).

HISTORY:

1. New section filed 7-1-2019 as an emergency; operative 7-1-2019 (Register 2019, No. 27). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 12-9-2019 or emergency language will be repealed by operation of law on the following day.

2. New section refiled 12-5-2019 as an emergency; operative 12-10-2019 (Register 2019, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-9-2020 or emergency language will be repealed by operation of law on the following day.

3. New section refiled 3-9-2020 as an emergency; operative 3-10-2020 (Register 2020, No. 11). A Certificate of Compliance must be transmitted to OAL by 6-8-2020 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 3-9-2020 order transmitted to OAL 6-8-2020 and filed 7-20-2020 (Register 2020, No. 31).

**3999.111.  Statewide Patient Safety Program.**

(a) The Department shall maintain a Statewide Patient Safety Program to identify and improve problematic health care processes in conjunction with the statewide Quality Management Program.

(b) The Statewide Patient Safety Program shall encompass:

(1) Patient safety priorities that are reviewed and revised biennially to identify program objectives for statewide interventions and performance improvement activities.

(2) A comprehensive multidisciplinary health care incident reporting and review process for identifying, reporting, and assessing health care incidents including sentinel events.

(3) A committee structure at headquarters to provide oversight to the Statewide Patient Safety Program, review patient safety reports and data, and take action to mitigate patient safety risks and prevent adverse patient outcomes.

(4) A committee structure at each institution that oversees the local implementation of the Patient Safety Program by reviewing patient safety reports and data at the individual institution or care team level.

(5) Regular communication in the form of patient safety alerts, aggregate reporting of findings, and recommendations related to health care incidents or Root Cause Analyses (RCA).

(6) Technical assistance, decision support tools, and staff development and education programs to support problem analysis, RCA, and process redesign.

(7) A patient safety culture that encourages staff to proactively identify and report health care incidents.

(c) Department staff who observe or discover a health care incident, regardless of severity or absence of harm to a patient, shall report the incident using the centralized electronic Health Care Incident Reporting system within 24 hours of occurrence or discovery.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 1279.1, Health and Safety Code; Section 5054, Penal Code; and *Plata v. Newsom* (No. C01-1351 JST), U.S. District Court, Northern District of California.

HISTORY:

1. New section filed 7-1-2019 as an emergency; operative 7-1-2019 (Register 2019, No. 27). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 12-9-2019 or emergency language will be repealed by operation of law on the following day.

2. New section refiled 12-5-2019 as an emergency; operative 12-10-2019 (Register 2019, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-9-2020 or emergency language will be repealed by operation of law on the following day.

3. New section refiled 3-9-2020 as an emergency; operative 3-10-2020 (Register 2020, No. 11). A Certificate of Compliance must be transmitted to OAL by 6-8-2020 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 3-9-2020 order transmitted to OAL 6-8-2020 and filed 7-20-2020 (Register 2020, No. 31).

**3999.112.  Patient Safety: Alert Medications.**

(a) The Department shall maintain a list of High Alert and Heat Alert Medications.

(b) The High Alert and Heat Alert Medication List shall be reviewed and updated at least annually.

(c) Health care and custody staff shall obtain a Heat Medication Report of all patients currently prescribed a Heat Alert Medication on a daily basis between May 1 and October 31 and whenever temperatures warrant.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; and *Plata v. Newsom* (No. C01-1351 JST), U.S. District Court, Northern District of California.

HISTORY:

1. New section filed 7-1-2019 as an emergency; operative 7-1-2019 (Register 2019, No. 27). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 12-9-2019 or emergency language will be repealed by operation of law on the following day.

2. New section refiled 12-5-2019 as an emergency; operative 12-10-2019 (Register 2019, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-9-2020 or emergency language will be repealed by operation of law on the following day.

3. New section refiled 3-9-2020 as an emergency; operative 3-10-2020 (Register 2020, No. 11). A Certificate of Compliance must be transmitted to OAL by 6-8-2020 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 3-9-2020 order transmitted to OAL 6-8-2020 and filed 7-20-2020 (Register 2020, No. 31).

**3999.113.  Patient Safety Program Committees.**

(a) The Department shall maintain a Statewide Patient Safety Committee to provide oversight of the Patient Safety Program at the statewide level, identify and communicate program priorities, and manage implementation of patient safety initiatives.

(b) The Department shall maintain a Statewide Health Care Incident Review Committee as a subcommittee of the Statewide Patient Safety Committee to provide oversight of the health care incident reporting system and Root Cause Analysis process at the statewide level, and identify and communicate related data and trends.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 1279.1, Health and Safety Code; Section 5054, Penal Code; and *Plata v. Newsom* (No. C01-1351 JST), U.S. District Court, Northern District of California.

HISTORY:

1. New section filed 7-1-2019 as an emergency; operative 7-1-2019 (Register 2019, No. 27). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 12-9-2019 or emergency language will be repealed by operation of law on the following day.

2. New section refiled 12-5-2019 as an emergency; operative 12-10-2019 (Register 2019, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-9-2020 or emergency language will be repealed by operation of law on the following day.

3. New section refiled 3-9-2020 as an emergency; operative 3-10-2020 (Register 2020, No. 11). A Certificate of Compliance must be transmitted to OAL by 6-8-2020 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 3-9-2020 order transmitted to OAL 6-8-2020 and filed 7-20-2020 (Register 2020, No. 31).

TITLE 15      DEPARTMENT OF CORRECTIONS AND REHABILITATION      §3999.401

without cost to the patient or a need for a health care providers' prescription.

(b) Patients in the Reception Center shall have access to reading glasses through the canteen within 30 calendar days of arrival.

(c) Patients unable to receive their reading glasses during the first canteen draw shall be allowed to receive their reading glasses during open line of the current month.

(1) If a patient loses canteen privileges as the result of a serious disciplinary hearing, the patient shall not be excluded from obtaining reading glasses.

(d) Reading glasses shall be considered a portion of each patient's personal property and shall not be exempted from the property volume restrictions specified in the Authorized Personal Property Schedule.

(e) If a clinician determines that a specific patient does not possess the ability to utilize reading glasses responsibly or safely, the patient shall be restricted from access to any reading glasses deemed unsafe in their professional opinion.

(f) If custody places a restriction for safety and security reasons it must be supported by a guilty finding in a disciplinary hearing for a serious rule violation involving the misuse of reading glasses.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; Armstrong Remedial Plan. *Armstrong v. Newsom* (No. C94-2307 CW), U.S. District Court, Northern District of California and *Plata v. Newsom* (No. C01-1351 JST), U.S. District Court, Northern District of California.

HISTORY:

1. New section filed 7-1-2019 as an emergency; operative 7-1-2019 (Register 2019, No. 27). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 12-9-2019 or emergency language will be repealed by operation of law on the following day.
2. New section refiled 12-5-2019 as an emergency; operative 12-10-2019 (Register 2019, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-9-2020 or emergency language will be repealed by operation of law on the following day.
3. New section refiled 3-9-2020 as an emergency; operative 3-10-2020 (Register 2020, No. 11). A Certificate of Compliance must be transmitted to OAL by 6-8-2020 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 3-9-2020 order transmitted to OAL 6-8-2020 and filed 7-20-2020 (Register 2020, No. 31).

Article 10.     Emergency Medical Response

**3999.400. Emergency Medical Response.**

(a) The California Department of Corrections and Rehabilitation (CDCR) shall ensure that medically necessary emergency medical response, treatment, and transportation is available, and provided 24 hours per day to patients, employees, contract staff, volunteers, and visitors.

(b) Material and equipment required for patient support during a medical emergency shall be available and operational at all times at every Triage and Treatment Area and licensed inpatient unit.

(c) Patients may request medical attention for urgent/emergent health care needs from any CDCR employee. The employee shall, in all instances, notify health care staff without delay. Direct contact with the patient by a Registered Nurse (RN), Advanced Practice Provider, or physician, either in person or by telephone, shall be provided for all patients requesting urgent/emergent medical attention or who are referred by staff.

(d) Preservation of a crime scene shall not preclude or interfere with the delivery of emergency medical care.

(e) Custody requirements shall not delay medical care during a medical emergency unless the safety of staff, patients, or the general public would be compromised.

(f) At least one RN shall be available on-site at each institution 24 hours a day, 7 days a week for emergency health care.

(g) A Medical Provider On-Call shall be available 24 hours a day, 7 days a week to provide consultation and on-site care as necessary.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; and *Plata v. Newsom* (No. C01-1351 JST), U.S. District Court, Northern District of California.

HISTORY:

1. New section filed 7-1-2019 as an emergency; operative 7-1-2019 (Register 2019, No. 27). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 12-9-2019 or emergency language will be repealed by operation of law on the following day.
2. New section refiled 12-5-2019 as an emergency; operative 12-10-2019 (Register 2019, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-9-2020 or emergency language will be repealed by operation of law on the following day.
3. New section refiled 3-9-2020 as an emergency; operative 3-10-2020 (Register 2020, No. 11). A Certificate of Compliance must be transmitted to OAL by 6-8-2020 or emergency language will be repealed by operation of law on the following day.
4. Certificate of Compliance as to 3-9-2020 order transmitted to OAL 6-8-2020 and filed 7-20-2020 (Register 2020, No. 31).

**3999.401. Response and Treatment.**

(a) A First Responder shall:

(1) Evaluate the situation and initiate appropriate First Aid or Basic Life Support measures.

(2) Immediately notify health care staff of a possible medical emergency and summon the appropriate level of assistance.

(3) Inform the health care staff of the nature of the emergency and the general status of the patient including, but not limited to, whether the patient is conscious, breathing, bleeding, or other observable patient conditions and complaints.

(4) Immediately initiate Cardiopulmonary Resuscitation if appropriate.

(5) Initiate community Emergency Medical Services activation if necessary.

(b) All peace officers who respond to a medical emergency shall provide immediate life support until medical staff arrives to continue life support measures.

(c) The Health Care First Responder shall begin medical treatment and assume responsibility for directing any medical care already in progress.

(d) The official pronouncement of death is the responsibility of the physician or Advanced Practice Provider.

NOTE: Authority cited: Section 5058, Penal Code. Reference: Section 5054, Penal Code; and *Plata v. Newsom* (No. C01-1351 JST), U.S. District Court, Northern District of California.

HISTORY:

1. New section filed 7-1-2019 as an emergency; operative 7-1-2019 (Register 2019, No. 27). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 12-9-2019 or emergency language will be repealed by operation of law on the following day.
2. New section refiled 12-5-2019 as an emergency; operative 12-10-2019 (Register 2019, No. 49). Pursuant to Penal Code section 5058.3, a Certificate of Compliance must be transmitted to OAL by 3-9-2020 or emergency language will be repealed by operation of law on the following day.
3. New section refiled 3-9-2020 as an emergency; operative 3-10-2020 (Register 2020, No. 11). A Certificate of Compliance

<u>PROOF OF SERVICE BY MAIL</u>
<u>(CCP §§1013(a), 2015.5; 28 U.S.C. §1746)</u>

I, <u>TYRONE A. Parks</u> hereby declare that I am over the age 18, I am the plaintiff in the above entitled cause of action and my legal mailing address CSP/CAC C4-B-112, P.O. Box 2760, California City, CA 93504.

On <u>05/23/22</u> I delegated to prison officials the task of mailing, via the institution's internal mail system (Houston V. Lack, 487 US 266 [101 L.Ed.2d 245; 108 S.Ct. 2379] (1988), the below entitled legal document(s):

by placing said documents in a properly addressed and sealed envelope, with postage fully prepaid, in the United States Mail, deposited in the manner provided by CSP/CAC, and addressed as follows:

I further declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this <u>23</u> day of <u>May</u> <u>2022</u> at California State Prison - California City.

Tyrone A. Parks
CDCR # T63547
CSP/CAC  C4-B-112
P.O. Box 2760
California City, CA 93504





C.V.

United States District Court
Central District of California
office of the Clerk
255 East Temple Street, Room 180 ,
Los Angeles, CA  90012



RECEIVED
U.S. DISTRICT COURT

MAY 25 2022

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

Legal Mail

EXPECTED DELIVERY DAY: 05/26/22
USPS TRACKING® #

9505 5148 6997 2144 4678 51